## SHERFEY AND KIDD COMPANY *v.* THE BOARD OF COMMISSIONERS OF CLAY COUNTY.

[No. 3,354.   Filed January 8, 1901.]

COUNTIES.—*Burial of Soldier.*—*Claim.*—The fact that a township trustee, after satisfying himself by inquiry that deceased was an honorably discharged ex-union soldier, and that he died without leaving any means with which to defray the expense of his funeral, and that his family were in such indigent circumstances that they could not, without injury to themselves, defray such expenses, refused and neglected to cause the deceased to be buried in compliance with the provisions of §§8359, 8360, 8362, Burns 1894, §§6247 k, 6247 l, 6247 n, Horner 1897, did not give a private citizen any authority to perform such duty, and a person who without authority from the trustee buried, at an expense of $50, such soldier cannot recover the cost of the funeral from the county. *pp. 67, 68.*

SAME.—*Burial of Pauper.*—*Urgent Necessity.*—The fact that the hot weather and the advanced stage of decomposition of the body of a deceased pauper at the time it was discovered made a case of urgent necessity in the interest of the public health, for its immediate interment, and that the township trustee was absent from his office, and it was not known where he could be found, did not make a case authorizing a private citizen to bury such body at the expense of the county without employment by or authority from the township trustee as provided by §8165, Burns 1894, §6089 Horner 1807. *pp. 69, 70.*

SAME. — *Services.* — *Foundation of Claim.* — The mere beneficial character of the services for which the charge is made will not support a charge against a county for services, but such a claim can only be founded on a statute or contract entered into under authority of law with the proper officer.   *p. 70.*

PLEADING.—*Demurrer.*—*One Sufficient Cause.*—Where a party demurs to a pleading upon two or more statutory grounds, if the pleading is bad upon either ground the demurrer must be sustained.   *p. 70.*

From the Clay Circuit Court.   *Affirmed.*

*A. Payne* and *G. S. Payne,* for appellant.

*A. W. Knight,* for appellee.

COMSTOCK, J.—Appeal from a judgment in favor of the appellee (defendant below).   The complaint is in two para-

graphs. Appellee demurred to each paragraph upon two grounds: (1) That neither stated facts sufficient to constitute a cause of action. (2) The court had no jurisdiction of the subject of the action. The demurrer to each paragraph was sustained. This action of the court is the only question presented by this appeal.

In the first paragraph, the appellant, a corporation engaged in business as an undertaker and funeral director, seeks to recover of appellee the funeral and burial expenses incurred by it in the burial of one Fugate, an honorably discharged ex-union soldier, and who at the time of his death was a *bona fide* resident of Jackson township, Clay county, Indiana. In the second, it is sought to recover the expenses incurred by it in the burial of one Goodwin, a poor person residing in the same township and county.

The first paragraph is based upon §§8359, 8360, 8362 Burns 1894, §§6247k, 6247l, 6247n Horner 1897. Section 8359, *supra,* makes it the duty of the township trustees of this State in their respective townships to cause to be interred in a respectable manner in some burial ground other than that used exclusively for the burial of the pauper dead, at an expense not to exceed $50, the body of any honorably discharged ex-union soldier, sailor or marine having served in the army or navy of the United States, who shall die a resident of the State not leaving means sufficient to defray the necessary funeral expenses, or having a family in such indigent circumstances that they would be distressed by the expense of such burial. Section 8360, *supra,* provides that any trustee before assuming the expense of such burial, must satisfy himself by careful inquiry into all the circumstances of the case of the existence of the facts and conditions set out in the preceding section; that he immediately upon burial shall report "his action to the board of commissioners of his respective county, setting forth all the facts, and that he found the family of such deceased person, if he had any, unable to pay the expenses of such

burial without being distressed, together with the name, rank, and command to which such deceased soldier, sailor or marine belonged; the date of his death, place where buried, and his occupation while living; also, an accurately itemized statement of the expenses incurred by reason of such burial." Section 8361 Burns 1894 makes it the duty of the county commissioners to transcribe in a book kept for that purpose all the facts contained in the report required by the foregoing section. Section 8362, *supra*, provides that the expenses incurred in such burial shall be allowed by the board of county commissioners and paid out of the county treasury the same as other legal charges against the county are allowed and paid.

It must be conceded that in the absence of the foregoing statutory provisions, township trustees would not be authorized to bury deceased soldiers at the public expense; nor the county commissioners to make payment out of the public funds. It follows that where, as in the case at bar, a recovery is sought under the statutes, the facts must be within the law. In a proper case, it is made the official duty of the trustee to act. This duty is imposed upon him alone. No other officer or person is authorized to make contracts, incur debts or expend money in the burial of deceased soldiers. It is only upon the report of the trustee that the commissioners are empowered to pay such expenses out of the public funds.

The complaint avers that the death and the indigent circumstances of Fugate and his family were made known to the acting trustee of said township, and that said trustee satisfied himself by inquiry that the deceased was an honorably discharged ex-union soldier, and that he died without leaving any means with which to defray the expenses of his funeral, and that his family were in such indigent circumstances that they could not without injury to themselves defray such expenses; but that the trustee, with knowledge of these facts refused and neglected to cause the deceased to

be buried, as it was his duty to do. It is alleged that appellant knowing the foregoing facts gave the deceased a proper burial.

The facts alleged made it the duty of the trustee to have given the deceased the suitable burial provided for by the legislature. His failure to do so was a violation of his official duty. But it was no warrant for the assumption by the appellant of the duty of this public officer, confided to him alone. The services rendered and expenses incurred, so far as appears from the complaint, were so rendered and incurred without authority from the trustee or the board of commissioners, and were, therefore, unauthorized and voluntary. The demurrer for want of facts was properly sustained.

The second paragraph, like the first, alleges that appellant was a corporation engaged in the business of an undertaker and funeral director. It avers, in substance, that the dead body of one Isaac Goodwin was found and in a high state of decomposition; that Goodwin was a poor person, and that his family had no means to defray the funeral expenses; that because of the condition of the body and the hot weather, it was necessary in the interest of the public health that the interment should take place at once; that the day on which the body was discovered was not one of the regular office days of the township trustee, and he was not in his office, and it was not known where he could be found, and he was not found, so that the condition of the body of said Goodwin was not communicated to him, and that appellant deeming it a case of urgent necessity for the reasons above set out interred the decedent. The claim of the appellant in the second paragraph is based upon §8165 Burns 1894, §6089 Horner 1897, which makes it the duty of the township trustee to employ some person to provide for and superintend the burial of any person who may die in his township, leaving no money or other means to defray his or her funeral expenses. This section designates a particular

officer to discharge a particular duty. It affirmatively appears from the averments of this paragraph that the services for which appellant seeks to recover were not authorized by this officer; but reliance is based upon the showing of an emergency in the interest of public health for doing the acts for which a recovery is sought. A claim for services against a county can only be founded upon a statute or a contract entered into under authority of law with the proper officer acting within the scope of his authority. The mere beneficial character of the service is not sufficient to support the claim. *Moon* v. *Board, etc.*, 97 Ind. 176.

The benefactions of the State are to be dispensed pursuant to a plan drawn by the legislature, under the direction of designated officers. *Morgan County* v. *Seaton,* 122 Ind. 521. The opinion of a private citizen as to the necessities or emergency of the case will not create a claim against the county. It may be in the case before us that the conditions required immediate burial of the deceased before the trustee could be found. Still this action cannot be maintained because neither statute nor contract authorized the service for which the charge is preferred.

Neither paragraph of the complaint stated facts sufficient to constitute a cause of action. Counsel for appellant contend, that as the record shows that the court sustained the demurrer to each paragraph of the complaint without designating the ground of demurrer for which it was sustained, that it was sustained as to both causes, and therefore if either paragraph was sufficient to withstand a demurrer for either cause, the judgment must be reversed. We can not admit this claim. The causes of demurrer are separately stated to each paragraph. A party may demur upon one or all of the statutory grounds; if the pleading is bad upon either ground, the demurrer must be sustained. The consideration of the second cause of demurrer is unnecessary.

The judgment is affirmed.