# Board of Commissioners of Morgan County v. Hinson.

### [No. 3,819.   Filed May 27, 1902.]

Counties.—*Burial of Soldier.*—*Township Trustee.*—Where a township trustee determines that a deceased soldier is entitled to be buried, under the provisions of §§8359–8362 Burns 1894, and contracts with an undertaker to furnish the necessary burial outfit and conduct the funeral, such action on his part is final and binding upon the county, in the absence of fraud or collusion. *pp. 193, 194.*

Same—*Burial of Soldier.*—*Statement of Claim.*—A claim filed with the board of county commissioners for the expense of the burial of

a Union soldier, showing that it was for the casket, box, and hearse for the burial of a Union soldier of a designated company and regiment, accompanied by a statement of the township trustee showing that the widow could not bear the expenses of the funeral without leaving her in straitened circumstances, was in substantial compliance with the statute. §8360 Burns 1894. *pp. 195, 196.*

From Morgan Circuit Court; *M. H. Parks,* Judge.

Action by Hiram J. Hinson against the board of commissioners of Morgan county to recover the expense of the burial of a Union soldier. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*W. R. Harrison,* for appellant.
*G. W. Grubbs,* for appellee.

WILEY, C. J.—One George M. Walker, an honorably discharged ex-Union soldier, died in one of the townships of Morgan county. The trustee of the township took charge of his remains, and had them decently buried, under the provisions of §§8359, 8360, 8361, and 8362 Burns 1894. The appellee was the undertaker with whom the trustee contracted for the burial, and he filed his bill for such services with the board of commissioners for allowance. The board refused to make the allowance, and he brought suit to recover. Appellant filed an answer in two paragraphs, to the second of which a demurrer was sustained. The first paragraph was a denial, which was subsequently withdrawn. Appellant refused to plead further, and judgment was rendered for appellee for $50.

The only question presented by the record arises upon the action of the court in sustaining a demurrer to the second paragraph of answer. The answer avers that at his death the said Walker left to his widow a farm of forty acres of good farming land, with a comfortable residence, barn, and other suitable buildings, of the value of $2,000, and of the reasonable rental value of $160 per annum; that he also left a team of horses, farm implements, 250 bushels of corn, a cow and calf, and some hogs; that for many years

prior to his death the said decedent received a pension of $17 per month, and since his death his widow has received a pension of $12 per month, and that the land left to said widow was to a large extent paid for with money received as pension; that at the time of his death all of his children were grown up and self-supporting, and were beyond the age of twenty-one years, and that the widow or the estate were in no way responsible for the support of any grandchildren of the deceased or his widow; that when the appellee furnished the coffin and robe, etc., and rendered the services for which he seeks a recovery, he had knowledge of the facts hereinbefore stated. It was also charged in the answer that the appellee's claim was not presented in such form, nor contained the facts and information necessary, to justify the allowance thereof. The answer sets out as an exhibit, and makes the same a part of it, a copy of the claim as filed for allowance, as follows: "Morgan county, Indiana. To Hiram J. Hinson, Dr. 1900, September 22d. To coffin, box, and hearse, George M. Walker, soldier's burial, Co. F. 54 Ind. Vol. $50."

This claim was indorsed as follows: "Upon investigation I find that the widow of George M. Walker is not able to bear the expenses of burial without being of a nature to place her in straitened circumstances. This claim is O. K.", and is signed by W. S. Robinson as trustee of the township.

Appellant also filed with the answer as an exhibit a copy of the petition of the decedent's widow, filed with the board after the claim had been disallowed, asking that the board reconsider its action. Without quoting in full we give the substance of such petition as follows: That said Walker was an honorably discharged ex-Union soldier; that W. S. Robinson, trustee of the township where the decedent lived and died, assumed the charge and expense of his burial, after having satisfied himself that said decedent had not left means to defray the expense of such burial,

and that his family was unable, without being distressed, to defray such expenses; that the decedent and his widow were the joint owners of forty acres of land, worth $1,500; that they owned certain personal property, such as some farming implements, a cow and a calf, two old horses, and 200 bushels of corn, and that they owned no other property; also that she had no income whatever; that for several years prior to his death the decedent was sick and unable to do anything, and all of their resources were exhausted prior to his death; that they were in debt $300, and that it would be necessary to mortgage the farm to meet such indebtedness; and that the family of the petitioner consisted of herself, a son, and two granddaughters, and that they were absolutely unable to pay or provide for said burial expenses without being distressed, or compelled to mortgage her land, and with no prospect of being able to discharge such mortgage.

The decision of the question here presented involves the construction of the statute making provision for the burial of indigent soldiers. The statute that was in force when the appellee performed the services for which he sues, is as follows: "That it shall be the duty of the township trustees of this State, in their respective townships, to look after and cause to be interred in a decent and respectable manner in any cemetery or burial-ground within this State, other than those used exclusively for the burial of the pauper dead, at an expense not to exceed $50, the body of any honorably discharged ex-Union soldier * * * having at any time served in the army * * *, who shall hereafter die a resident of this State, not leaving means sufficient to defray the necessary funeral expenses, or leaving a family in such indigent circumstances that they would be distressed by the expenses of such burial." §8359 Burns 1894.

By §8360 Burns 1894 it is made the duty of the township trustee, before assuming the charge and expense of any such burial, first to satisfy himself, by a careful inquiry

into all the circumstances of the case, that such soldier did not leave means sufficient to defray the necessary expenses of such burial, or if he left a family residing in such township, that said family is unable, without being distressed, to defray such expenses; and being so satisfied, he shall thereupon cause such deceased soldier to be buried as provided in the preceding section. The statute then makes it his duty to report his action to the board of commissioners, setting forth all the facts, together with the name, rank, and command to which such deceased soldier belonged, the date of his death, place where buried, and his occupation while living, with an accurately itemized statement of the expenses incurred by reason of such burial.

By §8362 Burns 1894 it is provided that all expenses incurred in such burial shall be allowed by such board of county commissioners, and paid out of the county treasury, the same as other legal charges against the county are allowed and paid.

In enacting this statute it was evidently the intention of the legislature to provide for a decent and respectable interment, at the public expense, of all ex-Union honorably discharged soldiers who should die residents of this State, who did not leave means sufficient to defray their necessary funeral expenses, and whose immediate families were in such indigent circumstances that its members would be distressed by having to pay the expenses of such burial. The legislature is to be commended for making such provisions, for then the State will never be humiliated by having one of the defenders of the flag and nation buried in the "potter's field." But this duty of burial at the public expense, as fixed by the legislature, is hedged about by well defined safeguards, to protect the public against any impositions. The legislature has made it the duty of the respective township trustees to look after, superintend, and contract for the burial of such soldiers. We are clearly of

the opinion that when a township trustee performs the duty imposed upon him by statute, and contracts with an undertaker to furnish the necessary burial outfit, and conduct such funeral, that such action on his part is final and binding upon the county, in the absence of fraud and collusion between the trustee and such undertaker. The statute makes the township trustee the arbiter in determining the question of whether or not a deceased soldier is entitled to be buried under the conditions fixed by the legislature. Being clothed with that authority, and having determined that such deceased soldier comes within the provisions of the statute, it is made his duty to look after and cause to be interred, in a decent and respectable manner, the body of such honorably discharged ex-Union soldier, and when he has contracted for such burial, and the person with whom he has contracted, acting in good faith, furnishes the coffin, box, hearse, etc., for such burial, it creates a debt for which the county is liable. By §8362 Burns 1894, all expenses incurred in such burial shall be allowed and paid out of the county treasury.

The record shows that the services rendered and expenses incurred by the appellee were rendered and incurred upon the authority and contract of the township trustee, who was expressly authorized to make such contract, and such services, etc., were in no sense unauthorized or voluntary. The trustee exercised the authority conferred upon him by statute, and the appellee had a right to rely upon the directions of such trustee to conduct the funeral.

This case is distinguishable from that of *Sherfey, etc., Co.* v. *Board, etc.,* 26 Ind. App. 66, in that there the trustee refused to act and cause the burial to be made, and appellants, without any authority, assumed the responsibility and voluntarily took charge of the remains of the deceased soldier and buried them. It was held that they could not recover, for their services were voluntary and unauthorized. The answer in this case fails to disclose any fraud or col-

lusion between the trustee and appellee, but it affirmatively appears that they both acted in good faith and with honest motives.

The legislature, it seems to us, wisely clothed the respective township trustees with the duty of burying indigent and helpless deceased soldiers. A township trustee is an officer easily accessible to the citizens of his township. He is generally acquainted with such citizens, and knows of their financial conditions. He can act promptly in all emergencies, and in the case of death it is often necessary for immediate action. He, of all public officers, is best fitted by reason of his official position, and the relations he sustains to the citizens of his township, to be entrusted with the duties which the legislature has seen proper to impose upon him in regard to the burial of ex-Union soldiers. It would defeat the very beneficent purpose of the law to put a construction upon it based upon a proposition that after a duly authorized officer, empowered to act in such emergency, had acted, after he had inquired into the facts, after he had determined the necessity in a proper case, after he had contracted with the undertaker, and after the undertaker had, upon the basis of that contract, expended money and provided for the decent burial of the soldier, that the board of commissioners, whose duty it is under the statute to allow and order the claim paid, have power to review and disallow it in the absence of fraud and collusion. The statute, in its letter and spirit, does not admit of, and the court can not give to it, such a narrow and illogical construction.

It is urged by appellant that the claim was properly disallowed upon the additional ground that it was not accompanied by "an accurately itemized statement of all the facts found in a careful inquiry," as directed by the statute. It may be conceded that in the presentation of the claim to the board, the strict letter of the statute was not followed, but its spirit was substantially complied with. The claim shows that it was for the casket, box, and hearse for the burial of

an ex-Union soldier of a designated company and regiment. It is accompanied by a statement of the trustee showing that the widow could not bear the expenses of the funeral without leaving her in straitened circumstances.

Our conclusion is that the court below properly sustained the demurrer to the second paragraph of answer. The judgment is affirmed.