## BOARD OF COMMISSIONERS OF HARRISON COUNTY
### *v.* HUNTER.

[No. 20,122.   Filed November 24, 1903.]

INSANE PERSONS.—*Care of.*—*Claim Against County.*—*Repeal of Statute.* —*County Reform Law.*—So much of §4 of the act of 1855 (§5145 R. S. 1881) as provided for the payment of a reasonable compensation out of the county treasury to the person having charge of such insane person, when such insane person was a poor person, was repealed by §33 of the county reform law (Acts 1899, p. 343), unless such person was an inmate of a county institution.

From Harrison Circuit Court; *W. C. Utz*, Special Judge.

Action by Jane Hunter against the Board of Commissioners of Harrison county.   From a judgment for plaintiff, defendant appeals.   *Reversed.*

*E. D. Mitchell*, for appellant.
*William Ridley*, for appellee.

MONKS, J.—It appears from the special finding of the court, made at the request of appellant: That in 1895 one Addie Hunter, an adult, was adjudged to be "insane, and dangerous to the community if suffered to remain at large," by a justice of the peace of Harrison township, Harrison county, Indiana, in a proceeding brought under the act of 1855 (Acts 1855, p. 133, §§6987-6995 Burns 1901, §§5142-5150 R. S. 1881 and Horner 1901); that said justice of the peace appointed appellee, a resident of said county, to take charge of and confine said Addie Hunter; that said justice filed in the office of the clerk of the Harrison Circuit Court a transcript of the proceedings had before him in said cause, as required by §6991, *supra,* and at the September term, 1896, of the Harrison Circuit Court, said cause was again tried, and a jury found against said Addie Hunter, and said court confirmed the appointment of appellee made by said justice of the peace, as pro-

vided in §6991, *supra;* that appellee took charge of and confined said Addie Hunter. Afterwards, appellee filed claims against appellant for taking care of and confining said Addie Hunter, and for boarding, lodging, and clothing her from June 4, 1901, to September 5, 1901, and for the same from September 4, 1901, to January 8, 1902— in all thirty-one weeks—at $2.50 per week—in all $77.50 —which claims were disallowed and rejected by said board of commissioners; that in February, 1902, appellee commenced this action to recover on the claims so disallowed by appellant, and the court found that appellee had charge of and confined said Addie Hunter from the 4th day of June, 1901, to January 8, 1902, a period of thirty-one weeks, and that she boarded, lodged, and clothed her during said period, and that said service, boarding, lodging, and clothing for said period were worth $77.50; that no part of the same has been paid. It appears from the said finding that said Addie Hunter had no family or property, was a poor person, and that she was not an inmate of any county institution. The court stated as a conclusion of law that appellee was entitled to recover the sum of $77.50 and costs, to be paid out of the county treasury, to which conclusion of law appellant excepted. Final judgment was rendered in favor of appellee. The errors assigned challenge the correctness of said conclusion of law.

This case was appealed since the taking effect of the act of 1903 (Acts 1903, p. 280). The said act of 1855, *supra,* was held by this court to be constitutional in *Board, etc., v. Moore, ante,* 426.

It will be observed that appellee sued in this action for services rendered, and clothing, board, and lodging furnished, after the taking effect of the act of 1899 known as the county reform law. Acts 1899, p. 343, §§5594g-5594e2 Burns 1901. Section 33 of said act, being §5594m1, *supra,* expressly provides that "Hereafter the board of county commissioners, or any authority, shall have

no power whatever to make any allowance for voluntary services, or for things voluntarily furnished, and no power to pay, or cause the same to be paid for, out of the county treasury; they shall have no power to allow, pay or cause to be paid any money out of the county treasury to or for the relief or support of any pauper or poor person whatever, or liable to become such, if such person be at the time not an inmate of some county institution. They shall have no power to contract for services of any physician to attend upon any poor of the county other than inmates of the county institutions; * * *. All laws or parts of laws conferring power upon any authority to make payment out of the county treasury for any of the matters mentioned in this section, are hereby repealed."

It is evident that so much of §4 of the act of 1855 (§6990, *supra*) as provided for the payment of a reasonable compensation out of the county treasury to the person having charge of such insane person, when such insane person was a poor person, was repealed by said §33, *supra*, unless such person was an inmate of a county institution. Appellee was bound to take notice of the law, and as said Addie Hunter was a poor person, all services rendered, and board, lodging, and clothing furnished after said county reform law took effect in 1899 were voluntary, and for which she can not recover. *Turner* v. *Board, etc.,* 158 Ind. 166; *Board, etc.,* v. *Mowbray,* 160 Ind. 10; *Board, etc.,* v. *Pollard,* 153 Ind. 371, 375. It follows that the conclusion of law was erroneous.

Judgment reversed, with instructions to restate the conclusion of law in accordance with this opinion, and to render judgment in favor of appellant.