IN THE

# SUPREME COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1913, IN THE
NINETY-EIGHTH YEAR OF THE STATE.

---

NEWCOMER ET AL. *v.* JEFFERSON TOWNSHIP, TIPTON
COUNTY.

[No. 22,529. Filed January 6, 1914.]

1. PAUPERS.—*Support.—Liability of Township.—Application for Relief.*—While it is a general rule that a claim against a township can only be founded on a contract with the proper officer acting within the scope of his authority, under §9741 *et seq.* Burns 1908, Acts 1901 p. 323, relating to the care of the poor and designating the township trustee the overseer of the poor in his township, the trustee is required to furnish prompt medical and surgical attention in case of necessity to the poor of his township outside of public institutions, and the township is liable for the reasonable value of medical and surgical attention rendered to a poor person of the township in an emergency without opportunity to communicate with the trustee. p. 4.

2. PAUPERS.—*Support.—Liability of Township.—Application for Relief.*—The provisions of §9741 *et seq.* Burns 1908, Acts 1901 p. 323, relating to the care of the poor, are not controlled by the county reform law of 1899, §5918 *et seq.* Burns 1908, Acts 1899 p. 343, since it refers to county expenditures alone and has no reference to the mandatory requirements of the later act except that township expenditures by the overseer of the poor, in the absence of authority by the board of county commissioners, are limited in certain cases to temporary aid not exceeding $15. *(Board, etc. v. Hunter* [1903], 161 Ind. 478, distinguished.) p. 6.

From Tipton Circuit Court; *Leroy B. Nash,* Judge.

Action by Martin V. Newcomer and another against Jefferson Township, Tipton County. From a judgment for de-

fendant, the plaintiffs appeal. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Reversed.*

*Gifford & Gifford,* for appellants.

*John P. Kemp* and *Charles Kemp,* for appellee.

MYERS, J.—Appellants were copartners in the practice of medicine and surgery, duly licensed. A boy fourteen years of age, a resident of appellee's township, while riding on a freight train, without right, fell off. His right leg was crushed off just below the knee, and the heel and sole of the left foot were crushed. Suit was instituted by appellants against the township for surgical and medical attention rendered the boy, by a complaint which after alleging the foregoing facts, alleged that in October, 1906, the boy was about fourteen years of age, had no money, property or means of any kind, character or description, and no expectancy of any kind. That his father was a resident of the township, but had no home to which to remove the boy, had no money or property of any kind or character, but was wholly and entirely destitute of means of any kind or description. That the boy was removed to the home of one Bunch of Jefferson Township, and there cared for by the said Bunch as a matter of charity. That the boy had no relatives that were able to care for him. That in a few moments after the injury hereinbefore described, plaintiffs were called to the boy, and found him suffering, with a copious hemorrhage from the leg which had been crushed off. That the physical condition of the boy was such that delay in the treatment was sure to result in death to the boy from hemorrhage, and from the effects of the shock. That it was about ten miles to the township trustee of Jefferson Township, and that there was no means of reaching him by telephone or otherwise, except to visit him by buggy, or some like conveyance. That the accident occurred about nine o'clock at night, and that a delay necessary even to telephone, had there been a line of telephone, or to com-

municate by other means, might and would have resulted in the death of the boy. That under the emergencies existing, plaintiffs took charge of the boy, amputated the leg that was crushed, just below the knee, and dressed the same; also amputated and removed the mashed sole and heel of the other foot, giving it the necessary dressing, and rendering all the services necessary and proper. That they remained with him all night, caring for him, and giving him such restoratives and stimulants as were proper and necessary on account of the emergency and urgency of the case as hereinbefore set out; that there was an appropriation by the advisory board of the township of Jefferson for the purpose of paying medical expenses for indigent and poor persons of said township for each of the years 1906, 1907, 1908 and 1909; that defendant during the year 1906, had no physician employed to treat the poor of said township. That the trustee of Cicero Township resided eight miles from the city of Tipton, and that there was no means of communicating with him, except by messenger, traveling by horse and buggy, or some such transportation, and the boy would have died before communication could have passed between said trustee and these plaintiffs. That plaintiffs knew that the boy's life depended upon the prompt treatment of his said injuries, that they also knew he was a pauper, but believed the defendant was liable for the services, rendered under the emergency of the case; they rendered such services on the credit of the defendant, and not otherwise; that they have frequently demanded pay for their services from said township, which demand has been refused; that the services in the amputation of said leg, and dressing the foot, and medical services rendered at said time are of the value of $150, which is due and unpaid, and demand is made therefor. A demurrer for want of facts was sustained to this complaint, and the ruling is the sole alleged error presented. The suit was begun February 15, 1908.

It is the contention of appellee that townships are not liable for relief to poor or necessitous persons outside of public institutions for surgical or medical aid, however necessitous, irrespective of the circumstances or conditions, unless it is directed by the overseer of the poor; that he is the sole and conclusive judge of the necessity, and as to whom he will or will not employ to render aid, and as to whether aid shall be rendered. It may be conceded as a general rule that a claim against a county or township, can only be founded upon a contract with the proper officer under authority of a statute, acting within the scope of his statutory authority, or upon a statute. Prior to the enactment of 1901 (Acts 1901 p. 323, §9741 *et seq.* Burns 1908), we had in this State a number of disconnected statutes touching the subject of the care of the poor, and poor relief, and the burial of the poor and destitute sailors and soldiers, but by that act the entire subject was revised. Prior to that time the expense of care and burial of the poor was chargeable against the counties, as were also, and are yet, the charges for the interment of indigent soldiers and sailors. Since the passage of that act, the expense of care and burial of the poor other than soldiers and sailors, is chargeable against the township of which they are residents, or in which their demise occurs. §§9746, 9773, 9774, 9778 Burns 1908, Acts 1901 p. 323, Acts 1907 p. 330. This act was probably passed in view of prior holdings of this and the Appellate Court, notably in *Sherfey, etc., Co.* v. *Board, etc.* (1901), 26 Ind. App. 66, 59 N. E. 186. The act also covers the subject of temporary aid, as to which there are restrictions imposed, in cases outside of county asylums, and in committing to those institutions. §§9744, 9747, 9756, 9761-9763 Burns 1908, Acts 1901 p. 323. This act repeals all former laws on the subjects, and comports more with our ideas of benefactions and aid to the distressed and necessitous. It goes farther than any previous act. By §9746, *supra,* the overseer is

given oversight of the poor of his township, and required to see that they are properly relieved and taken care of in the manner provided by law, and elsewhere in the act it is pointed out what he shall do. It then provides for cases of necessity, and for prompt provision of medical and surgical attendance and medicines for all poor in his township, outside of public institutions. Now suppose that no one but the trustee is authorized to act, and he is absent, or cannot be found, and death is imminent, unless aid is given. Shall the person be permitted to die, because the overseer cannot be found? Or, suppose he is found, and for reasons of his own, or because he thinks it unnecessary, refuses to employ aid, is it enough to say that the law will be satisfied by prosecuting him criminally for failure to discharge a plain statutory duty, even though a human life is sacrificed? The services of a surgeon or physician cannot be required as a matter of charity, and in the meantime death ensues. It is probably different where there is an opportunity, by reason of conditions, to communicate with the overseer, or where he can have an opportunity to examine into the conditions; there he should be called on. But suppose in an emergency he refuses for any cause, to act, or cannot be reached. The law is just as mandatory that the relief shall be given at the expense of the township, as it is that the overseer shall provide it. It is therefore the law's mandate in such an emergency as is here shown, which raises an implied liability to one who renders such necessary and prompt service as is here shown, for the reasonable value of the service. It is not a voluntary service, but an obligation imposed by law. *Board, etc.,* v. *Cole* (1893), 9 Ind. App. 474, 36 N. E. 912. It may also be granted that the obligation does not arise upon the request of some one other than the overseer, but it is imposed by the statute, where the circumstances are such as disclose the necessity for prompt action by those who are capable of judging of the necessity and impending peril.

But it is said that the provisions of the act of 1901 are expressly controlled by the county reform law of 1899, and are aimed to be part of a county system, and that any payment for services not directed by the overseer, is a voluntary payment, prohibited by the county reform act of 1899. §5918 *et seq.* Burns 1908, and especially §5950 Burns 1908, Acts 1899 p. 343. In the first place, it is to be observed that that act refers to county expenditures, and has no reference to the mandatory requirements of a later statute, as to township expenditures, except that overseers are limited in expenditures in certain cases to temporary aid, not exceeding $15 except upon authority of boards of commissioners, but burials and some other exceptions are made. §§9747, 9748, 9751, 9752 Burns 1908, Acts 1901 p. 323. The general plan is, to provide in the county asylums for the poor, as provided in §9744, *supra,* but the act indicates its acknowledgment of other necessitous conditions, which may arise. Our holding in no wise conflicts with the county reform act, or with the case of *Board, etc.,* v. *Hunter* (1903), 161 Ind. 478, 68 N. E. 1022. That case arose after both the acts of 1899 and 1901 went into effect, and was not one for expenses of temporary relief, limited by the act of 1901 to $15, but the claim was for services alleged to have been rendered the county, after the county reform act was passed, which repealed the former law as to the expense of care for the insane, outside of the county institutions, and expressly prohibited its allowance. This was doubtless also due to the existence of other acts at that time expressly providing for the care of the insane in the State institutions (§§3691-3739 Burns 1908, §§2842-2878 R. S. 1881, and amendments thereto [Acts 1889 p. 391, Acts 1901 p. 529], and other acts there to be found), which, also, doubtless repealed the portion of the section of the act of 1855 (Acts 1855 p. 133, §5145 R. S. 1881) involved in that case.

The judgment is reversed with instructions to the court

below to overrule the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 103 N. E. 843. See, also, under (1) 30 Cyc. 1150; (2) 30 Cyc. 1128. As to law of vagrancy, see 137 Am. St. 940. As to the question of the right to compensation from public for relief furnished poor person, in cases not provided for by law, or where there has been no compliance with statutory prerequisites, see 39 L. R. A. (N. S.) 161. As to the liability of the public for medical services to indigent person in absence of notice or request, see 9 L. R. A. (N. S.) 1234.