The Board of Commissioners of Tipton County v. Brown.

No. 462.

## THE BOARD OF COMMISSIONERS OF TIPTON COUNTY v. BROWN.

POOR PERSON.—*Township Trustee.*—*Duty of to Furnish Relief.*—The nature and extent of the relief to be granted a poor person by a township trustee is largely in the discretion of the trustee, but the fact that a poor person is already being cared for furnishes no excuse for not making arrangements for future relief that he regards necessary.

SAME.—*Aid Voluntarily Furnished by Brother of.*—*Compensation for.*—*Presumption as to.*—Where a person of moderate competency voluntarily takes care of and gives relief to his afflicted pauper brother, there is a strong presumption that such services are to be rendered gratuitously, but the facts are not conclusive evidence of such intention. It should be left to the jury to determine whether services so rendered were gratuitous or whether the county is to be looked to for compensation, and positive proof of a contract with the township trustee that the pauper was to be cared for at the county's expense, such contract being in his power to make, is conclusive evidence overcoming the presumption arising from kinship.

SAME.—*Found in one County and Brought into Another.*—*Duty to Assist.*—The mere fact that a pauper is found in one county is no reason why, after he has been transported into another county in good faith, he should not be given assistance as a transient pauper.

HUSBAND AND WIFE.—*Evidence.*—*Earnings of Wife.*—*Proof of Wife's Services.*—*Husband Entitled to.*—The common law rule that the earnings of the wife belong to the husband is still in force in this State, except where she carries on a separate business or works for others on her own account, and in a suit by the husband for services rendered his afflicted pauper brother, whom he kept in his family, testimony as to the services of the wife and the value thereof was properly admitted.

CONTINUANCE.—*Application for.*—*Sickness of Attorney*—Where application for a continuance is made on account of the sickness of an attorney employed in the case, but such application does not disclose how long said attorney has been sick, and whether other counsel might not have been employed to take charge of the case, the application will not be sufficient to warrant a continuance.

SAME.—*Private Arrangements Between Attorneys as to Notice of Trial.*—*Not Binding on Court.*—The court can not be bound by the private arrangements of counsel among themselves as to sending each other notice of the time of trial, and any breach of such arrangements will not work a continuance.

From the Clinton Circuit Court.

*G. H. Gifford, J. M. Fippen, S. O. Bayless,* and *C. G. Guenther,* for appellant.

*W. O. Dean* and *W. H. Dean,* for appellee.

REINHARD, J.—This was an action by the appellee against the appellant for services performed in nursing and caring for Charles Brown, appellee's brother, an alleged pauper resident of Tipton county, in his illness. The venue of the cause was changed to the court below. There was a trial by jury, resulting in a verdict and judgment for the appellee for $350.

Among other causes relied upon for a reversal of the judgment is the alleged insufficiency of the evidence to sustain the verdict. This cause was properly assigned in the appellant's motion for a new trial, the overruling of which constitutes one of the specifications of error.

We think the evidence fairly tends to show that Charles Brown was a poor person and a resident of the township, the trustee of which, it is claimed, made the arrangement with the appellee upon which this action is based; that he was found lying by the side of a railroad track in a badly crippled condition, having been struck by a railroad train and severely injured; that by the direction of the railroad company's physician, upon whose road he was injured, he was taken to the appellee's house; that appellee is the brother of said Charles Brown, and has a family, and owns the farm upon which he resided; that he took said Charles Brown into his family without objection and without any contract or understanding of any kind with the township trustee or other person; that he cared for said Charles in his family, and they nursed him and gave him such attention as he needed in his badly crippled condition; that said services were worth from $6 to $10 per day; that about a week after Charles had come to his house the appellee and his wife called upon the township trustee to ascertain what arrangements

such trustee would make about pay for appellee's services in caring for his said brother. The trustee testified that he informed appellee he could not pay over $2.50 per week for such services, which appellee said he was not willing to take; that he, the trustee, invited the appellee to go to the county-seat with him to see the county commissioners in relation thereto; that, in pursuance of such invitation, they went to the commissioners, who were then in session, but the evidence does not show what was the result of the interview. The appellee and his wife testify that the trustee asked them if Charles could be moved; that they told him he could not be; that the trustee then told them to continue to care for Charles the best they could, and the county would pay appellee for it.

It thus appears that there was evidence from which the jury had a right to conclude that there was an arrangement between the appellee and the trustee by which the latter directed the former to care and provide for Charles Brown at the expense of the county. It is the duty of the township trustee, who is the overseer of the poor, to have the oversight and care of all poor persons in his township who are a permanent charge. Section 6071, R. S. 1881. It is also the duty of such trustee to grant temporary relief to poor persons who have no permanent settlement, or when the same can not be ascertained, or to the transient poor. Sections 6077 and 6078, R. S. 1881. The nature and extent of such relief are necessarily left to a large extent within the sound discretion of the trustee. *Board, etc.,* v. *Harlem,* 108 Ind. 164. The fact that the poor person is already being cared for when the trustee is informed of the case furnishes no reason for a failure on the part of the trustee to make arrangements for future relief if he regards such as necessary. *Board, etc.,* v. *Jennings,* 104 Ind. 108.

The mere fact that Charles Brown was found in Madison county when first seen in the disabled condition in which he was discovered is no reason why, after he had been trans-

ported into Tipton county in good faith, he should not be given assistance as a transient pauper. Besides, there was sufficient evidence from which the jury could well find that he had a permanent settlement in Tipton county and was without the necessary means to care for himself, and that it therefore devolved upon Tipton and not Madison county to furnish him relief.

It is argued that the cause ought to be reversed because it was shown that the appellee was the brother of the indigent person whom he relieved and was financially able to care for him. We can not say, as a rule of law, that it is the duty of every man whose means admit of it to give relief to his afflicted brother in time of need and distress. We do think that these ties of kindred and the possession of at least a moderate competency furnish a strong presumption that when the pauper and afflicted brother is voluntarily taken into the family and cared for the services are to be rendered gratuitously, but they are not conclusive evidence of such intention. It should be left to the jury, under all the facts and circumstances of the case, to determine whether the services were to be gratuitous or the county was to be looked to for compensation, and when there is positive proof of a contract with the township trustee that the pauper was to be cared for at the county expense, and the contract was within the powers of such trustee, this would be conclusive evidence to overcome any presumption arising from kinship and the like.

We think the evidence tends to support the verdict.

The court instructed the jury that the fact that the appellee was the brother of the injured party relieved " furnished no reason or cause that he should care for him without compensation, any more than if he had been no relative. He stands upon the same basis as a stranger under the same circumstances." Whether in view of the evidence this instruction presents the law correctly may well be doubted if we are correct in what has just been said with regard to the

presumption that might properly exist in such a case where the contract or agreement of the overseer of the poor is in dispute. But as this question, though saved in the record, is not discussed in the brief of appellant's counsel we must treat it as waived. The appellant's counsel think it was error to permit the appellee and his wife to testify as to ser-vices rendered by Mrs. Brown and the value thereof. It is argued that if Mrs. Brown rendered any services, and the county authorized them, the latter would be liable for such services to her individually, and not to her husband, the ap-pellee. In this view of the law we think the appellant's counsel are in error. The common law rule still prevails in Indiana to the extent that the earnings of the wife are the property of the husband, except in case where she carries on a separate business or works for others on her own ac-count. *Citizens Street R. W. Co.* v. *Twiname,* 121 Ind. 375. Here the services were rendered as a part of the household work in the appellee's family, and they belong to the ap-pellee.

The court overruled a motion for a continuance, and this ruling, it is insisted, was error. The affidavit upon which the application is predicated was made by James M. Fippen, an attorney of record for appellant. In it the affiant says he is a member of the law firm of Gifford and Fippen, of the city of Tipton ; that his partner, George H. Gifford, is the regular legal adviser and attorney for the board of com-missioners of the county of Tipton, and, as such, has the sole and exclusive charge and control of the legal business of the appellant ; that this cause was commenced in Tipton county, but, by change of venue, came into the Clinton Circuit Court after a trial in Howard county ; that during all the progress of said cause said Gifford was the sole attorney and had the exclusive control and management of this cause ; that he is the only attorney at present familiar with the appellant's de-fence, and the trial can not, in justice to said appellant, pro-ceed in the absence of said Gifford ; that affiant, while marked as

an attorney of record in said cause and although he is a part-
ner of said Gifford in the general practice, has no connection
whatever or relation with said cause, and knows nothing of
the merits of the same and of the defence to the action ; that
he has been dependent entirely and solely upon the said Gif-
ford to prepare and make a defence in said cause ; that af-
fiant has no employment whatever by the appellant, and is
under no obligation or responsibility for the management of
the same, and has never given it any attention nor appeared
in court therein ; that he is reliably informed and believes
that a few days before the setting of this cause for trial one
Marcellus Bristow, an attorney of record in this cause, had
in this court, while at the city of Tipton, Indiana, notified
and informed said Gifford that this cause had not yet been
set for trial, but that upon his return to Frankfort he would
have the same set for trial, and would notify and inform Gif-
ford of the date of the trial, in time for the latter to prepare
the defence and have his witnesses summoned in time to be
at the trial ; " *but the said Brown failed and neglected to
notify said Gifford* of the date fixed by the court for the trial
of this cause " ; that Gifford had no information or knowl-
edge of the action of the court in setting said cause for trial
until this morning at nine o'clock, when he was informed by
telegraph, and also by telephone message from Samuel O.
Bayless, a member of this bar, that the cause had been set
for trial for this day, when he immediately requested said
Bayless to notify the court of the arrangement and agree-
ment between him and Bristow, attorney for plaintiff, and
ask that the cause be postponed or continued a reasonable
length of time to enable him to secure the attendance of ap-
pellant's witnesses ; affiant further says that said Gifford is
now sick at his home in Tipton, Tipton county, Indiana, and
unable to leave his home and enter upon the trial of the
cause, and he files the certificate of said Gifford's family phy-
sician in support of the affidavit ; that it would at this time
be impossible for the appellant to procure other counsel and

give such counsel the facts and information necessary to make a suitable and proper defence in this action, there being no other attorney or person sufficiently acquainted with the facts save the said Gifford to make such defence; that the appellant is represented by three commissioners residing in different portions of the county of Tipton, and that it would require at least one or two days' time to convene said commissioners so as to act in the matter of employing other counsel; that he is informed and believes the appellant has a good and meritorious defence to the action; that if the cause is postponed for a reasonable time, or continued until the next term, he believes Gifford will be able to attend and try said cause, but if not, then appellant will procure other counsel; that the affidavit is not made for delay, but in the interest of justice, etc.

It is apparent from this affidavit that two grounds are attempted to be set up therein, either of which is claimed as being sufficient for a continuance or postponement. One of them is the illness of Mr. Gifford, of counsel for appellant, and the other the failure of Bristow, the attorney for the appellee, to notify the said Gifford of the assignment of the cause to a day for trial in time to prepare the defence as he had agreed to do. It is not disclosed by the record when the action of the court was taken setting the cause for trial. The court convened on Monday, the 2d day of March, and the day fixed for the trial was March 21. In the absence of any showing to the contrary, we must assume that the court gave ample time for preparation for trial. For aught that appears, the cause may have been assigned for trial on the second day of the term, the day set apart by statute for the first call of the docket. Section 400, R. S. 1881. The law provides that the circuit judge shall arrange and regulate the order of business in court and provide for the trial of causes in certain order. Section 405, R. S. 1881. This contemplates an early arrangement of the docket, or calendar, and this court must presume that the circuit court per-

formed its duty in every respect until the contrary is made to appear by the record. If then the court fixed a day for the trial in ample time to enable the parties to prepare for trial, it was the duty of counsel to ascertain and keep track of the condition of the cause and upon what day it stood for trial. The court can not be bound by the private arrangements of counsel among themselves as to sending each other notice of the time of trial. If so it would involve the court in interminable investigations in respect to the keeping of good faith with each other by the attorneys in every case, and in cases where it was agreed that notice should be sent, the court would be required furthermore to determine the sufficiency of the notice and how long it must be served before the day of trial, etc. This would seriously interfere with the court's arrangement of its docket, and would greatly retard the speedy disposition of its business. We think, therefore, that the court properly refused to take notice of the agreement alluded to in the affidavit.

Whether the violation of such an agreement might or might not constitute good cause for setting aside a judgment by default for excusable neglect, as argued by counsel for appellant, is not now the question. We do not think it is sufficient ground for a continuance under the facts and circumstances set out in the affidavit in this case. The granting or refusing of applications for continuance are largely within the discretion of the trial court, and unless there is an abuse of such discretion the denial of the application will not constitute a good cause for a reversal of the judgment.

Nor do we think the sickness of counsel was a sufficient ground for continuance. It is not stated in the affidavit how long Mr. Gifford had been sick, and, for aught we know, sufficient time may have elapsed for employing additional counsel or for giving Mr. Fippen, the partner of the absent attorney, ample instructions as to the defence and advising him in the premises. We do not think it is shown that the absence of the attorney, Gifford, prejudiced the appellant's

case. *Whitehall* v. *Lane*, 61 Ind. 93; *Belck* v. *Belck*, 97 Ind. 73; *Moulder* v. *Kempf*, 115 Ind. 459.

We have examined all the errors discussed and find none for which we feel authorized to reverse the judgment. While we have serious doubts as to the propriety of holding a county liable for services rendered under the circumstances disclosed in this case, we must adhere to the well-established rule that an appellate court in this State will reverse a cause only for some specified legal reason, properly presented by the record and discussed in the brief of appellant's counsel. It was the duty of the court below to grant a new trial unless it was clearly satisfied that the result reached was just and proper, and having failed to do this, we must assume that the sanction it gave to the verdict was justified by the facts and circumstances of the case, of which it was in a much better position to judge than we are.

Judgment affirmed.

Filed March 30, 1892.