HENSLEY, ADMINISTRATOR, *v.* TUTTLE.

[No. 2,041.    Filed March 17, 1897.]

HUSBAND AND WIFE.—*Earnings of Wife.—Services Rendered by Husband and Wife Jointly.*—The common law rule that the earnings of the wife belong to the husband is still in force in this State, except in cases where she carries on a separate business, or labors for others on her own account; and where she assists her husband in nursing and caring for an aged person, such work being in line of household duties, the husband may recover in an action for the services rendered by himself and wife.

EVIDENCE.—*Endorsement on Note.*—Where a note, payable at maker's death, was placed by the maker in the hands of a third person, and endorsed as follows: "Both parties agreed, left in possession of Alfred Jones," it is not error to admit the endorsement in evidence, it being shown that the endorsement was made at the time the note was executed and in the presence of the payee.

SAME.—*Delivery of Note to Third Party.—Endorsement as Evidence.*—The endorsement on a note, "Both parties agreed, left in possession of Alfred Jones," it being shown that the note was left with the third party, is sufficient to sustain a finding that the note was delivered.

From the Delaware Circuit Court.  *Affirmed.*

*John W. Ryan* and *W. A. Thompson*, for appellant.

*Edward M. White* and *Wagner & Bingham*, for appellee.

ROBINSON, J.—Appellee filed a claim against the estate of appellant's decedent.  The claim was transferred to the issue docket and appellant answered in four paragraphs: general denial, plea of payment, plea of statute of limitations, and want of consideration to that part of the claim consisting of a note.  With the answer, appellant filed a set-off.  The cause was put at issue and submitted to a jury.  With the general verdict in appellee's favor, the jury returned answers

to certain interrogatories. Over appellant's motion for a judgment in his favor on the answers to interrogatories, notwithstanding the general verdict, and his motion for a new trial, judgment was rendered on the verdict.

The errors assigned are, the overruling of appellant's motion for judgment on the answers to the interrogatories, to modify the judgment, and for a new trial.

It is argued that the judgment is not supported by the evidence, is contrary to the evidence, and is too large.

A part of the claim sought to be recovered is for nursing and care of decedent during her last sickness. The jury, in answer to interrogatories, found that appellee's services in this regard were worth $189.00, and that of the total amount allowed in the general verdict that sum was allowed him for such services. It is earnestly contended that the evidence shows that, in nursing and caring for decedent, appellee was, during all the time, assisted by his wife, and that the service was a joint service by appellee and his wife, and that there is no evidence that the services were performed by appellee alone.

It appears that decedent was a member of appellee's household and for six years prior to and during her last sickness was living with appellee and his wife. The fact that the wife assisted her husband in nursing and caring for decedent does not necessarily give her a separate cause of action for such services. The services she rendered were for her husband, and were in the line of household duties. The statute which gives the wife the right to recover for her own services does not change the relation between husband and wife, nor does it exonerate the wife from the performance of any proper services for the benefit

of the husband.  We do not mean to hold that a wife could not enter into a contract for the value of her services in such a case and maintain an action therefor, but in the case at bar, the law implies a promise to pay the appellee the reasonable value of his services, and any assistance rendered by the wife was for the benefit of the husband.  The wife has the same right to give her husband her services in the household that she had before the passage of the statute. The statute giving the married woman the earnings and profits accruing from her trade, business, services or labor, expressly excepts labor for her husband or family.

The common law rule that the earnings of the wife belong to the husband is still in force in Indiana, except in cases where she carries on a separate business or labors for others on her individual account.

In *Board of Commissioners* v. *Brown*, 4 Ind. App. 288, in a suit by a husband against the county for services rendered his afflicted pauper brother, whom he kept in his family, it was held proper to admit testimony as to the services of the wife and the value thereof. Section 6975, Burns' R. S. 1894; *Citizens' Street R. W. Co.* v. *Twiname*, 121 Ind. 375.

A part of appellee's claim allowed by the jury consisted of a note executed by the decedent and due and payable to appellee at decedent's death.  Endorsed on the back of the note was the following: "Both parties agreed, left in possession of Alfred F. Jones." It is argued that the court erred in admitting the endorsement in evidence, and that there is no evidence to sustain the finding of the jury that the note was ever delivered.  The witness Jones testified that the endorsement was written on the back of the note at the time it was signed by the decedent, and it appears that appellee was present at the time.  The endorsement was

made at the suggestion of the decedent, and the word "parties" used in the endorsement must be held to mean the maker of the note and the payee. The appellee could have no interest in the note until it had been delivered, and the fact that the parties agreed, as shown by the endorsement, to leave it with a third party, and it was left with such party, was sufficient to sustain the finding of the jury that the note was delivered.

To certain interrogatories the jury answered that they allowed appellee $5.00 for tile furnished by appellee for the decedent's land, and $10.50 for taxes paid by appellee for decedent, at her request. It is contended that the evidence does not support these answers. The evidence upon which they are based is not very clear or satisfactory, yet there was some evidence to sustain the answers as to each of the above items. The jury further answered that appellee had paid out $7.50 for pasturing decedent's cow, but counsel have overlooked the further answer in which the jury said that appellee is entitled to recover nothing for cow pasture, and it appears this item was not included in the general verdict.

We think the general verdict is fully sustained by the answers to the interrogatories. The jury, by these answers, say that appellee is allowed $189.00 for nursing and care of decedent during the last eighteen weeks of her life; $71.26 on the note, $5.00 for amount paid for tile, and $10.50 for money paid out for taxes, which sums taken together, make the amount in the general verdict. Taking these answers in connection with the further answers to interrogatories that decedent was about seventy-one years old at the time of her death; that in March, 1888, and until her death in December, 1894, she owned eleven acres of land, on which was a house; that in March, 1888, the appellee

and his wife, decedent's daughter, moved into decedent's house at her request, where they all lived together until decedent's death; that during that time decedent was feeble and in poor health; that the rental value of decedent's house and eleven acres of land was $30.00 per year; that appellee paid no rent; that he was entitled to recover nothing for attending to the business of decedent and taking care of her and furnishing her, during all that time, except for the last eighteen weeks of her life, when she was helpless; taking all these facts, we do not think it can be said that the verdict is excessive; but, on the other hand, we think the jury, under all the evidence, reached a just and equitable conclusion, which should not be disturbed.

Judgment affirmed.