PORTAGE TOWNSHIP OF ST. JOSEPH COUNTY *v.* CLINIC, INC., ET AL.

[No. 16,504. Filed May 5, 1941. Rehearing denied June 24, 1941. Transfer denied September 17, 1941.]

366

*Alfred E. Martin* and *Walter R. Arnold,* both of South Bend, for appellant.

*Ben C. Rees* and *Alfred J. Link,* both of LaPorte, and *Francis G. Fedder* and *Gleason & Gleason,* all of Michigan City, for appellees.

DeVoss, J.—This was an action by appellees the Clinic, Incorporated, and the Clinic Hospital against appellant, Portage Township of St. Joseph County, and appellees Michigan Township of LaPorte County and Springfield Township of LaPorte County for a declaratory judgment.

The complaint is in one paragraph; and, among other things, alleges that on the 19th day of March, 1937, Louise Dombrosz was an unmarried minor and a resident of Portage Township, St. Joseph County, Indiana, where she lived with her parents; and that on said 19th day of March, said Louise Dombrosz, while riding in an automobile in Springfield Township, LaPorte County, was gravely and seriously injured in an automobile wreck; and that she was in serious and immediate need of hospital and medical treatment. That there was at said time no place within said Springfield Township any institution having facilities to render the required aid to Louise Dombrosz. That she was accordingly transported to the hospital and offices of the said Clinic, Incorporated, and the Clinic Hospital in Michigan Township where she was given medical treatment by the plaintiff Clinic, Incorporated, and was furnished room and care and medicines by the plaintiff Clinic Hospital.

Said complaint further alleges that at the time complained of said Louise Dombrosz and her parents were on relief as poor persons in said Portage Township and had no money or means with which to pay for said medical services and hospital attention.

The complaint further alleges that a controversy has arisen in which plaintiff and defendants have an interest as to which trustee of the defendant townships, in his capacity as overseer of the poor in his respective township, is chargeable with the duty of furnishing poor relief to said Louise Dombrosz under an act of the General Assembly of the State of Indiana adopted at the 1935 Session thereof, entitled, "An act concerning poor relief and repealing certain laws relating to poor relief."

The complaint further states that the plaintiffs desire to have determined the rights and duties of plaintiffs and defendants, as between themselves, under said 1935 Act, with reference to the duty of each defendant to provide poor relief for said Louise Dombrosz; and desire that the court interpret and declare the true meaning of said Act of 1935.

To the complaint herein, appellee Springfield Township of LaPorte County filed an answer in two paragraphs.

The first paragraph was in general denial; and the second paragraph alleged the injury of said Louise Dombrosz in Springfield Township, LaPorte County, Indiana; that she was a minor under the age of twenty-one years at the time of the accident, living with her parents, who were residents of Portage Township, St. Joseph County, Indiana; and that on the date of said accident, neither said Louise Dombrosz nor her parents had their legal residence in said Springfield Township.

Said answer further alleges that the plaintiffs had knowledge of the facts of the residence and financial

condition of said Louise Dombrosz at the time they rendered the hospital and medical treatment, and that the trustee of Springfield Township gave no order to the plaintiffs authorizing such hospitalization and medical services to be rendered, nor did plaintiffs acquaint him with the facts concerning her injuries and place of residence, and he had no opportunity to cause said injured person to be returned to the place of her legal residence.

The appellant herein, Portage Township of St. Joseph County, filed its answer to said complaint in four paragraphs.

The first paragraph was in general denial. The second paragraph alleges that plaintiffs' services were rendered without order or authorization by the overseer of the poor of said Portage Township; that such services were rendered voluntarily; and that said township is not liable therefor.

The third paragraph of answer alleges in substance that the overseer of the poor of Portage Township was not notified at the time said Louise Dombrosz was brought to the hospital and never authorized said plaintiffs to furnish medical treatment or hospitalization to said Louise Dombrosz.

The fourth paragraph alleges that at the time of the accident, said Louise Dombrosz had left said Portage Township voluntarily and was sojourning in said Springfield Township; and that at the time she received her injury, she was removed without consent or authority by the trustee of Portage Township to Michigan Township; and that under the law, it was the duty and obligation of either Michigan Township or Springfield Township to furnish whatever temporary medical attention and hospitalization were necessary until such time when said Louise Dombrosz could be brought back to

Portage Township. Said Portage Township never refused to receive said Louise Dombrosz after her injury, but did receive her when it was notified of said accident, and furnished the necessary treatment for her from the time of receiving her after the injury.

To the second paragraph of answer of appellee Springfield Township, the Clinic Hospital and Clinic, Incorporated, filed a reply in general denial; and to the answer of Portage Township and each paragraph thereof appellees Clinic, Incorporated, and Clinic Hospital likewise filed a reply in general denial.

The record discloses that Michigan Township, appellee herein, made default. The cause was submitted to the court for trial. The court found for the appellees the Clinic, Incorporated, and the Clinic Hospital that they were entitled to recover from appellant, Portage Township of St. Joseph County, and found for appellees Springfield Township and Michigan Township.

Judgment was rendered on said finding; and a motion for a new trial filed by the appellant, Portage Township. This motion was overruled, and this appeal followed.

The only error assigned is the overruling of the motion for a new trial.

Two causes were specified in the motion for a new trial. (1) That the decision of the court is not sustained by sufficient evidence. (2) That the decision of the court is contrary to law.

The evidence follows generally the allegations in the complaint and is to the effect that on March 19, 1937, Louise Dombrosz, unmarried and about the age of seventeen years, was a resident with her parents in Portage Township, St. Joseph County, Indiana. That on said 19th day of March, 1937, said Louise Dombrosz, in company with other individuals, was riding in an automobile on U. S. Highway 20 in Springfield Township,

LaPorte County, Indiana, and suffered an accident in said Springfield Township. That in said accident both of her jaws were broken, her collar bone broken, left wrist broken, and left arm broken above the wrist; that her body was lacerated and bruised, her legs were lacerated and burned, and such wounds were full of grit and dirt from the roadside.

The evidence further discloses that she was picked up in an ambulance and removed to the Clinic Hospital in Michigan City in Michigan Township; that the appellees herein, the Clinic, Incorporated, and the Clinic Hospital, by and through its employes, rendered such medical aid as was required, furnished room and medicines for her. Said Louise Dombrosz was unconscious for a period of three days, and had medical treatment been delayed, she might have died. That there was a slight infection in one of the wounds in her leg, and she could not have been moved safely in an ambulance.

The next day, after the arrival of Louise Dombrosz at the Clinic Hospital, Dr. H. L. Brooks, treasurer and manager of the clinic and the hospital, sent word to the trustee of Springfield Township and went out to the trustee's home and could not find him; and said trustee did not have a telephone; and that two days following the accident, he wrote him a letter.

The evidence further discloses that said Dr. H. L. Brooks communicated with the trustee of Portage Township. That at the time said Dr. Brooks called at the home of the township trustee of Springfield Township, he found no one at home, but left a note on the door. Mr. Anderson, the trustee of Springfield Township, testified that he was notified about the accident, but he could not state the date when he was notified. That his wife, who was at home all the time, did not inform him that Dr. Brooks was there and he never found a note, but

that he did receive a letter from the clinic. Evidence was also introduced as to the value of services rendered.

Alex Langel, trustee of Portage Township, testified that he first learned of the accident to Louise Dombrosz by a telephone call from Dr. Burke; that Dr. Burke called on Saturday; and on the Sunday following, the girl was moved to South Bend in Portage Township.

Section 33 of the act concerned herein reads in part, "The purpose of this act is to provide necessary and prompt relief to the citizens and residents of this state, and this act shall be liberally construed in order that its purposes may be accomplished as equitably and expeditiously as possible . . ." Acts 1935, ch. 116, § 33, p. 432, § 52-176, Burns' 1933 (Supp.) § 13320-33, Baldwin's Supp. 1935.

It will be noted that the purpose of this act is to provide necessary and prompt relief to those in need, and that the method and manner of payment therefor is merely incidental thereto.

It is disclosed by the evidence, that at the time of the injury complained of, Louise Dombrosz was a resident of Portage Township in St. Joseph County, and was a poor person, as contemplated by the act in question. However, the fact that she was a resident of Portage Township is not the controlling factor in the question involved. Section 1 of said act provides that, "The township trustees of the several townships of this state shall be ex officio overseers of the poor within their respective townships and shall perform all duties with reference to the poor of their respective townships that may be prescribed by law."

From a consideration of this section of the act, it is apparent that due diligence on the part of the overseer of the poor is contemplated.

Section 5 of said act, among other things, provides that such overseer of the poor shall, in cases of necessity, promptly provide medical care for all of the poor in his township who are not provided for in public institutions.

Section 7 provides, among other things, that such overseer of the poor shall furnish to such poor person temporary aid as may be necessary for the relief of immediate and pressing suffering.

Section 13 provides that if a nonresident poor person shall be injured, aid shall be furnished by such overseer until such nonresident can be returned to the place of his legal settlement. Said section further provides that such non-resident may be returned by the overseer to the place of his legal settlement and the bill therefor filed and paid in the manner provided for filing and payment of bills for other kinds of relief by the overseer of the poor.

Section 19 provides that it shall be the duty of the overseer of the poor, on complaint made to him that any person within his township, without friends or money, is lying sick therein or in distress, to grant such temporary relief as may be required; and also provides for the burial of any such poor person.

From a consideration of these sections of the act, it is clear that regardless of the established residence of such poor persons contemplated therein, such relief shall be administered by the overseer of the poor in any township wherein he may be found in need or distress.

The injury occurred in Springfield Township; and it requires no stress of imagination to say that this young lady, lying bleeding and unconscious on the highway in said Springfield Township, with a broken collar bone, a broken arm, a broken wrist, lower

jaw fractured on both sides, and burns on her leg, which were full of dirt, was in dire need of prompt medical care and attention; was a case of necessity, and required medical care and surgical attendance as contemplated by section 5 of said act. If this unfortunate should have been left in that condition on the highway in Springfield Township until the attention of the overseer of the poor could have been procured, then, under section 13 of said act, she would without question have been entitled to relief from Springfield Township until returned to the place of her legal settlement.

Shortly after the accident and injury, Louise Dombrosz was taken to the hospital of appellee the Clinic, Incorporated, and the Clinic Hospital in Michigan Township; and medical care and attention was administered by appellee the Clinic, Incorporated.

It is contended by appellee Springfield Township, that the services were not rendered upon order of said Springfield Township, and that appellees herein, the Clinic, Incorporated, and the Clinic Hospital, failed to acquaint the trustee of such township with the facts concerning the injury and the place of her residence, and said Springfield Township had no opportunity to return the injured party to the place of her residence.

While it is true the act contemplates that the overseer of the poor shall direct and order the care given before liability accrues, yet the act certainly does not contemplate that unfortunates shall be left to suffer or die until such overseer of the poor can be found. In the case of *Newcomer* v. *Jefferson Township* (1914), 181 Ind. 1, 5, 103 N. E. 843, the court said, "It is not a voluntary service, but an obligation imposed by law. . . . It may also be granted that the obligation does not arise upon the request of some

one other than the overseer, but it is imposed by the statute, when the circumstances are such as disclose the necessity for prompt action by those who are capable of judging of the necessity and impending peril."

We are of the opinion that at the time the injury occurred in Springfield Township, the liability of such township was created, and that there was a necessity for prompt action existing for the removal of Louise Dombrosz from Springfield Township, and that such action did not relieve Springfield Township from liability under the statute, and that such liability continued after the removal of said Louise Dombrosz to Michigan Township.

When this injury occurred to Louise Dombrosz in Springfield Township, then the obligation was imposed under the law upon Springfield Township; and due diligence was contemplated on the part of the overseer of the poor in such township. Louise Dombrosz, by necessity of prompt action, was removed to Michigan Township under a contemplated supervision of the overseer of the poor of Springfield Township, the same as though she had been removed to a hospital in Springfield Township, and such responsibility continued to exist upon the overseer of the poor of Springfield Township; and it was his duty to return said Louise Dombrosz to Springfield Township for further attention, or to return her to the township of her legal settlement for attention as provided by section 13; and until such action was had, Springfield Township was liable for all expenses incurred.

Her removal to Michigan Township after the injury occurred, under the emergency and after the necessity for medical aid was apparent, would create no liability on the part of Michigan Township, nor relieve Spring-

field Township therefrom. No other conclusion would, in our opinion, meet the concept of the law.

Appellee Springfield Township cites the case of *Board of Commissioners of Tipton County* v. *Brown* (1891), 4 Ind. App. 288, 30 N. E. 925, in support of its contention of non-liability. In that case the injured party was returned to the township of which he was a resident; and the court held that even though he was found in Madison County in a disabled condition, Tipton County, the place of his residence, was bound to furnish relief; and the court further found that there was evidence that an arrangement had been made between the trustee of Tipton County and the plaintiff by which said plaintiff was directed to care for the injured party at the expense of the county.

In the case of *Newcomer* v. *Jefferson Township, supra,* cited by appellee Springfield Township, the injured party was removed to Jefferson Township, the place of his residence, and the attention administered there.

In the instant case, if the trustee of Springfield Township had, as provided by section 13 of the law involved, returned the injured party immediately to the township where she legally resided, then no further liability would have attached to him.

The case of *Whitlatch Clinic & Hosp. of Milan* v. *Carpenter* (1940), 107 Ind. App. 436, 25 N. E. (2d) 263, contained many of the elements present in the instant case; and we do not deem a discussion thereof necessary in this opinion.

Judgment reversed with instruction to the trial court to modify its finding to conform to this opinion, and to render judgment thereon accordingly.

Judgment reversed.

NOTE.—Reported in 33 N. E. (2d) 786.