COUGER, TOWNSHIP TRUSTEE, ET AL. *v.* MILLIS.

[No. 17,097. Filed October 21, 1943. Rehearing Denied December 2, 1943. Transfer Denied January 17, 1944.]

*Selwyn F. Husted,* of Crawfordsville, for appellants.

*Harding & Harding,* of Crawfordsville, for appellee.

DOWELL, J.—This was an action instituted in the court below by Robert J. Millis, M. D., against appellants for the recovery of the sum of Four Hundred Five Dollars ($405.00) for medical care and treatment furnished to one Max Fruits, an indigent person.

The complaint was in eleven rhetorical paragraphs and alleged that the said Max Fruits, an indigent person, was found injured as the result of an accident in Wayne Township, Montgomery County, Indiana, and being in serious and immediate need of medical and surgical treatment was taken to a hospital in Union Township of said county, there being at the time no institution within Wayne Township with facilities for the care necessary to his proper treatment; that he was so taken to the hospital by a person having no connection with Wayne Township nor with the trustee thereof; that at the time such hospitalization and treatment were necessary to preserve his life; that appellee, Dr. Millis, was at the time the family physician of the said Fruits and was called to the hospital to attend him and did so attend him from said February 9, 1941 to June 26, 1941 as set out in the account stated in the bill of particulars; that said Fruits was unable to be removed from the hospital until said June 26, 1941, and that during the entire period of his hospitalization said Fruits remained an indigent, without means and without family assistance; that at the time of the accident said Fruits had his legal settlement in Union Township but was domiciled in Wayne Township; that immediately following the accident appellants were notified of the facts.

To this complaint appellants filed a demurrer for want of facts with supporting memorandum as follows:

"1. Said complaint shows that one Max Fruits was found injured as the result of an accident in Wayne Township, Montgomery County, Indiana, and does not show that the said Max Fruits was able to be returned to the place of his legal settlement until on or after June 27, 1941.

"2. Said complaint does not show that the Trustee of Wayne Township ever moved said Max Fruits to Union Township.

"3. Said complaint shows that said Max Fruits was found and brought to Montgomery County Culver Union Hospital by a person having no connection with said Wayne Township or with the Trustee thereof.

"4. Said complaint shows upon its face that at the time Max Fruits was brought to Montgomery County Culver Union Hospital, he was in a critical physical condition, his life was in danger, and immediate medical and surgical service were necessary in order to preserve his life. That his condition remained such that he was not able to be removed from said hospital without danger to his health and physical condition until on or after June 27, 1941. Under such a statement of facts it was the duty of the Trustee of Wayne Township to care for the said Max Fruits until he was able to be removed from the hospital, or, in other words, able to be removed to his legal settlement. The fact that Montgomery County Culver Union Hospital happens to be in Union Township, and the further fact that said defendant was injured seriously enough that his removal to such hospital was necessary to preserve his life, should form no basis for liability upon Union Township.

"5. Said complaint shows upon its face that the physical condition of Max Fruits was such that he was not able to be moved to his legal settlement until on or after June 27, 1941. And no claim is made against Union Township for any services rendered subsequent to that date."

Upon the overruling of the demurrer appellants answered and the cause was tried to the court resulting

in finding and judgment for the appellee in the sum of Four Hundred Five Dollars ($405.00).

The facts submitted at the trial were undisputed and rested upon the testimony of the only witness, Dr. Millis himself. They were, substantially, as follows:

Max Fruits was found injured on the 9th day of February, 1941, as the result of an accident, in Wayne Township, Montgomery County, Indiana. He was in a serious condition and in need of immediate hospitalization and medical treatment. There was no institution in said Wayne Township having facilities for his proper treatment. He was taken by his brother to the Montgomery County Culver Union Hospital at Crawfordsville, Union Township, Montgomery County for emergency treatment, including surgery where his condition remained critical until June 27, 1941. During all of this time he was kept in the hospital under the order of Dr. Millis and under his professional care. Fruits was not brought to the hospital by the Trustee of Wayne Township nor by his order nor at his request. Fruits was, at the time of the accident, residing in Wayne Township, where he was injured, but his legal settlement was in Union Township. He was an indigent person and had no means wherewith to pay for the services rendered.

Appellant assigns as errors: (1) The court erred in overruling the demurrer of appellants to the complaint, and (2) the court erred in overruling appellants' joint and several motion for a new trial.

The motion for new trial specifies: (a) The decision of the court is not sustained by sufficient evidence, (b) the decision of the court is contrary to law.

The sole question here presented turns upon the interpretation of the poor relief law of this State Acts 1935, ch. 116, § 52-144 to § 52-181, Burns' 1933 (Supp.).

Section 1 of the act, § 52-144, Burns' 1933 (Supp.), provides that the township trustees of the several townships of this state shall be ex-officio overseers of the poor within their respective townships and shall perform all the duties with reference to the poor of their respective townships that may be prescribed by law.

Section 4 of the act, § 52-147, Burns' 1933 (Supp.), provides in part: "Legal settlement may be acquired in any township or county *so as to oblige such township or county to relieve and support the person acquiring such settlement, in case he is poor and in need of relief* as follows: ———." Provisions that follow set out the various ways in which legal settlement may be established.

Section 5 of the act, § 52-148, Burns' 1933 (Supp.), provides that the Township Trustee "shall in cases of necessity promptly provide medical and surgical attendance for all of the poor in his township who are not provided for in public institutions; and shall also see that such medicines and/or medical supplies and/or special diets and/or nursing as are prescribed by the physician or surgeon in attendance are properly furnished."

It is plainly apparent without intensive study of the foregoing sections that it is the duty of the township, through its trustee, to provide necessary medical and surgical attendance to indigent persons having a legal settlement within its boundaries. It is equally apparent that were the circumstances of the instant case uncomplicated by the fact that the indigent, Fruits, was found injured in another township, it was the legal duty of Union Township, Montgomery County, Indiana, acting by and through its trustee, to have supplied the medical and surgical

attendance which he actually received since his legal settlement was within that township.

Section 13 of the Act, as amended by Acts of 1939 ch. 44, § 2, p. 188, § 52-156, Burns' 1933 (Supp.), provides for the care of poor persons, who, though in need of such are "nonresidents" of the township where found. It reads, in part, as follows:

"If such non-resident shall be . . . sick . . . or injured, or crippled or physically or mentally unable to . . . travel, such aid shall be furnished by the overseer of the poor of the township in which such non-resident is found until such non-resident can be returned to the place of his legal settlement, if such legal settlement can be determined."

This section further provides:

"Any person . . . who is in need of relief and who does not have legal settlement in the township . . . may be returned by the overseer to the place of his legal settlement; and the record thereof and the bill therefor shall be filed and paid in the manner provided for the filing and payment of bills for other kinds of relief . . . "

The purpose and intent of the foregoing section, when read with sections previously quoted, also appears quite clear. It is, merely, that temporary aid and relief shall be furnished by the township where the disabled indigent is found, to the extent and for the time necessary, until he can be removed to the township of his legal settlement upon which last mentioned township rests the obligation of furnishing necessary permanent aid.

In the instant case that obligation rested upon Union Township. Was it lifted, in whole or in part, because

and merely because, the man Fruits was found injured in another township? We think not.

An entirely different question might be presented had Union Township not been the township of Fruits' legal settlement. In that event, as between Wayne and Union Township, the obligation would have been that of Wayne alone.

Nor does the fact that Fruits was removed from Wayne to Union Township by a person other than the trustee of Wayne Township in any wise tend to lessen the obligation of Union Township. It has been held frequently in cases involving emergency poor relief that the law is just as mandatory that the relief be given as it is that the overseer shall provide it. (See *Portage Twp. of St. Joseph Co.* v. *Clinic*, Ind. (1941), 109 Ind. App. 365, 33 N. E. (2d) 786; *Newcomer* v. *Jefferson Twp.* (1914), 181 Ind. 1, 103 N. E. 843.) We see no reason why the service of removal to a hospital should be any the less mandatory than the administration of the relief itself.

We have examined and have due regard for the cases cited by able counsel in their briefs but in none of them does it appear that the indigent was immediately removed from the township where found injured to the township of his legal settlement.

The demurrer to the complaint was properly overruled. The evidence sustains the decision of the court and the decision is not contrary to law.

Affirmed.

NOTE.—Reported in 50 N. E. (2d) 924.