TRUSTEES OF INDIANA UNIVERSITY *v.*
MONTGOMERY TOWNSHIP ET AL.

[No. 19,894. Filed March 31, 1964.]

*William S. Hall* and *Dowden, Denny, Caughran & Lowe*, of Indianapolis, for appellants.

*Michael J. Kavanagh, Alex Clark, Phillip A. Bayt*, all of Indianapolis, and *George Languell*, of Spencer, for appellees.

MOTE. J.—This appeal comes to us from a judgment adverse to appellants, operators of the Indiana University Medical Center hospitals, Center Township, Indianapolis, Marion County, Indiana, in an action wherein appellants sought to recover judgment in the sum of one thousand five hundred and ninety-five dollars and seventy-five cents ($1,595.75) for medical and hospital services furnished an indigent adult male who was found in need of emergency medical care in Montgomery Township, Owen County, Indiana, and brought to appellants' hospital in the township and county in which said indigent adult male is alleged to have had his legal settlement.

The issues were formed upon appellants' amended complaint as interlined, after appropriate motion, which alleged that one James Edgar Hughes, a poor person

within the meaning of the laws of Indiana, was found in need of emergency hospital and medical care in Montgomery Township, Owen County, and on two occasions was brought from said township to appellants' hospital for necessary medical and hospital care, said Montgomery Township having notice of such fact and said Center Township having no actual notice of such fact until after the services had been furnished.

Said Montgomery Township filed an answer in abatement and appellant filed an answer thereto, denying the material allegations of said answer in abatement. The plea in abatement was sustained. Said Center Township filed an answer under Rule 1-3 of the Supreme Court, admitting certain allegations in the complaint, but denying its responsibility for the care of such indigent person.

On the issues thus formed trial was had to the court with a stipulation of the parties as to certain facts having been filed, and additional oral evidence having been heard. At the conclusion of the evidence the court took the matter under advisement and then rendered finding and judgment against appellant. A motion for a new trial seasonably was filed and overruled. Appellants assert as error the overruling of said motion.

The agreed stipulation of facts is as follows:

"This cause now comes on for trial on the Amended Complaint on Account of The Trustees of Indiana University, plaintiffs, and the Answer In General Denial of the defendant, George Johnson, Township Trustee of Center Township, Marion County, Indiana, now styled 'Center Township,' by its attorney, Alex Clark, the action having abated as to the defendant Montgomery Township; and the parties hereto, The Trustees of Indiana University, by their attorney, William S. Hall, and the defendant Center Township, by its attorney, Alex

Clark, now do hereby submit to the Court the following stipulations of facts agreed to by the parties, which may be considered by the Court as being true and to be considered as evidence in the trial of this cause:

1. The said James Edgar Hughes, referred to in Plaintiffs' Amended Complaint, prior to the month of October, 1958, had resided at least three consecutive years in the State of Indiana and one whole year in Center Township, Marion County, Indiana.

2. That prior to the start of said three year period, the said James Edgar Hughes was over twenty-one years of age.

3. The said James Edgar Hughes resided at 1015 Park Avenue, Indianapolis, Marion County, Indiana, from the month of October, 1956 until the month of October, 1958.

4. In the month of October, 1958, the said James Edgar Hughes moved to Chicago, Illinois, where he secured employment, and resided at 649 N. Parkside Street, Chicago, Illinois.

5. The said James Edgar Hughes resided in Chicago, Illinois, as aforesaid, from the month of October, 1958 to the 4th day of July, 1959.

6. In the month of July, 1959, he returned to the State of Indiana, and established his home in Montgomery Township, Owen County, Indiana, his residence address being 'R.R. #2, Spencer, Indiana.'

7. The said James Edgar Hughes was residing in Montgomery Township, Owen County, Indiana, as aforesaid, in the month of July, 1959, when he became a patient at the Indiana University Medical Center, Indianapolis, Indiana."

8. At the time the said James Edgar Hughes entered the said hospital in the month of July, 1959, he was a 'poor person' within the meaning of that term under the Poor Relief Statutes of the State of Indiana."

The oral evidence introduced at the trial indicates that appellants' hospitals are not subsidized but, on the other hand, are self-supporting. Said hospitals do re-

ceive money from welfare departments and township trustees from time to time for the care of individual patients. The charge for treatment of the indigent, now deceased, from July 23, 1959, to July 31, 1959, is indicated at three hundred seventy-six dollars and fifty-five cents ($376.55). The balance of the account arose on his readmission on August 14, 1959, to the date of discharge in September, 1959. The indigent presented himself as a "walk in" in the first instance and was very seriously ill. The hospital was unable at that time, or at any subsequent time prior to his final discharge, to determine the settlement of the indigent. Appellants and its Robert Long Hospital had no knowledge prior to his final discharge that this indigent had a legal settlement in Center Township, Marion County, Indiana.

It appears that Indianapolis General Hospital, located in Center Township, Marion County, is tax supported and that indigent patients from the county generally are treated in such hospital.

Under modern attempts and efforts to take care of the indigents, both in health and in sickness, much stress is laid upon the proposition that first, they must be taken care of and, second, if such care has been rendered there is ample time to determine who shall foot the bill. For welfare purposes it appears that once a person has established a legal settlement he does not lose the same until and unless he shall have established another legal settlement. In this instance the evidence indicates that the indigent, prior to the month of October, 1958, had resided at least three (3) consecutive years in Center Township, Marion County, Indiana. In October, 1958, he moved to Chicago, where he remained until the 4th of July, 1959, at which time he went to Montgomery Township, Owen County,

Indiana. If there is any question concerning whether the indigent lived in Center Township, Marion County, for a period of three (3) years, thus to establish his legal settlement, said question is answered by the fact that his legal settlement continued while he was in Chicago and in Montgomery Township, Owen County, Indiana, because he remained in neither place a sufficient length of time to establish a new settlement.

When the indigent was admitted to appellants' Robert Long Hospital it must be concluded, therefore, that his legal settlement was in Center Township, Marion County, Indiana, and that said Center Township was liable for the care of the indigent, as provided by appellants. See Acts of the Indiana General Assembly of 1935, ch. 116, §4, as amended by Acts of 1939, ch. 44, §1, Burns' Indiana Statutes Annotated, §52-147, which provides in its pertinent parts as follows:

> "Legal settlement may be acquired in any township or county so as to oblige such township or county to relieve and support the person acquiring such settlement, in case he is poor and in need of relief, as follows:
> "  . . .
> "d. Every male person and every unmarried woman over the age of twenty-one (21) years who shall have resided three (3) consecutive years in the state, one (1) whole year of which shall have been in any one (1) township without interruption, shall thereby gain a settlement in such township, but if during the first twelve (12) months of such residence in the township, he or she shall have been supported, in whole or in part, as an indigent person by any governmental agency maintaining proper records of such time so supported, the time during the first twelve (12) months during which he or she was so supported by such governmental agency shall be eliminated from the calculation for

determining the residence of one (1) whole year in any one (1) township for the purpose of poor relief.

" . . .

"f. *Every settlement once legally acquired shall continue until it shall be lost or defeated by acquiring a new one or by wilful and uninterrupted absence from the state for one [1] whole year or. upwards or by wilful and uninterrupted absence from the township in which such legal settlement has been gained for one [1] whole year or upwards and upon acquiring a new settlement within the state.* The provisions of this section shall apply to cases of settlement begun to be acquired or lost, as well as those already acquired, both before and after the provisions of this act [§§52-144—52-176, 52-177—52-181] go into effect." (Italics ours.)

The Acts of the Indiana General Assembly of 1935, ch. 116, §5, Burns' Indiana Statutes Annotated, §52-148, provides as follows:

"The overseer of the poor in each township shall have the oversight and care of all poor persons in his township so long as they remain a charge, and shall see that they are properly relieved and taken care of in the manner required by law. *He shall, in cases of necessity, promptly provide medical and surgical attendance for all of the poor in his township who are not provided for in public institutions; and shall also see that such medicines and/or medical supplies and/or special diets and/or nursing as are prescribed by the physician or surgeon in attendance upon the poor are properly furnished.*" (Italics ours.)

The Acts of the Indiana General Assembly of 1935, ch. 116, §1, Burns' Indiana Statutes Annotated, §52-144, makes the township trustees the overseers of the poor in their townships and provides as follows:

"The township trustees of the several townships of this state shall be ex officio the overseers of the

poor within their respective townships and shall perform all duties with reference to the poor of their respective townships that may be prescribed by law. Every township trustee shall, in discharging the duties prescribed in this act [Secs. 52-144—52-176, 52-177—52-181], be designated an overseer of the poor."

There was evidence given by the attending physician that the medical and hospital services furnished to the indigent were necessary.

While it was the duty, under our statutes and decisions, for the trustee of Montgomery Township, Owen County, to provide to the indigent necessary care and to pay for the same, it appears that the said trustee fulfilled his duty when he sent the indigent to the place of his legal settlement, to-wit: Center Township, Marion County, Indiana. *Couger, Township Trustee et al.* v. *Millis* (1943), 114 Ind. App. 336, 50 N. E. 2d 924. *Portage Township of St. Joseph County* v. *Clinic, Inc. et al.* (1941), 109 Ind. App. 365, 33 N. E. 2d 786.

While it may be assumed that if the trustee of Center Township had obtained timely knowledge of the necessity for emergency hospitalization of the indigent, he would have sent the said indigent to the tax-supported institution in Marion County; yet said township is not relieved of the responsibility to pay the account to appellants under the facts and circumstances in this particular case, since, under these facts, we do not assume that appellant acted as a mere volunteer in providing the necessary emergency hospitalization and treatment to the said indigent person. To hold otherwise would not be in harmony with our Indiana statutes and decisions relative thereto. If hospitals were to reject admission in emergency cases until

the legal settlement is established, or until one who is responsible and accepts the obligation for the care, hospitalization and treatment of such indigent, much harm could result.

The judgment of the lower court is reversed.

Hunter, P. J., Kelley and Pfaff, JJ., concur.

NOTE.—Reported in 197 N. E. 2d 306.